**Matt KOEHL et al., Plaintiffs,**

**v.**

**Stanley R. RESOR, etc. and Clark Clifford, etc., Defendants.**

**Civ. A. No. 4713–A.**

United States District Court
E. D. Virginia,
Alexandria Division.

March 13, 1969.

Philip J. Hirschkop, Alexandria, Va., for plaintiffs.

Jeffrey Axelrad, Dept. of Justice, Washington, D. C., C. Vernon Spratley, Jr., U. S. Atty., Alexandria, Va., for defendants.

## ORDER AND MEMORANDUM OPINION

OREN R. LEWIS, District Judge.

Matt Koehl and the American Nazi Party brought this suit against the Secretary of the Army and the Secretary of Defense to compel them to permit the members of the American Nazi Party to wear the party uniform with its concordant insignia and to display their banners and flags while conducting the funeral of George Lincoln Rockwell at Culpeper National Cemetery.

Jurisdiction was invoked under 24 U.S.C. § 281, 5 U.S.C. § 1001, 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1361, and under the First and Fifth Amendments of the Constitution of the United States. Although the Government raised the question of whether judicial review of the Secretary's decision pursuant to 24 U.S.C. § 281 may be had, the Government did not seriously question the right of this Court to hear and determine this matter under the declaratory judgment statute and upon the constitutional questions raised.

Upon hearing, this Court was of the opinion that it had jurisdiction and that the suit ought to be dismissed, and

It Is So Ordered.

The record here made, consisting of the joint stipulation of facts and numerous exhibits, discloses that George Lincoln Rockwell died on August 25, 1967. He was, at the time of his death, president of the American Nazi Party. He was succeeded by the plaintiff, Matt Koehl, who currently holds that position. Mr. Koehl is also the legal custodian of Mr. Rockwell's remains.

The American Nazi Party is an unincorporated association headquartered in Arlington, Virginia. It is a political party which engages in political activity. It nominated and ran a candidate for Governor of Virginia in 1966. The American Nazi Party is the co-custodian of Mr. Rockwell's remains.

The named defendants were Secretary of the Army and Secretary of Defense at all times relevant to this suit.

Representatives of the American Nazi Party requested permission on August 28, 1967 to bury Mr. Rockwell's remains in Arlington National Cemetery. The Secretary of the Army advised the American Nazi Party that Mr. Rockwell was eligible to be buried in any national cemetery except Arlington and that the existing Army policy, in order to prevent political demonstrations, precluded unseemly demonstrations such as the wearing of uniforms, insignia and emblems or the display of flags or banners of the American Nazi Party in any ceremony inside the cemetery.

The American Nazi Party then requested permission to bury Mr. Rockwell at the Culpeper National Cemetery. Permission was forthwith granted by the Secretary of the Army, subject to the same conditions previously mentioned. Burial was arranged for the morning of August 29, 1967.

A hearse bearing Mr. Rockwell's body, escorted by six walking persons dressed in khaki Nazi uniforms, combat boots and swastika armbands, and carrying Nazi flags and banners, proceeded to enter the Culpeper National Cemetery. The funeral party, composed of representatives and members of the American Nazi Party, was under the control of its president, Mr. Koehl. The group was stopped at the gate by the police and the superintendent of the cemetery. They informed Mr. Koehl that if the party wished to enter the cemetery and proceed to Mr. Rockwell's gravesite that all swastikas would have to be removed from the group and from the accompanying floral pieces and that no Nazi ceremony or rally would be allowed on the cemetery property.

Mr. Koehl and the members of the American Nazi Party refused to comply with these conditions and permission for the burial was then and there withdrawn.

The American Nazi Party on September 7th, through its attorney, again requested permission to bury Mr. Rockwell in the Culpeper National Cemetery. The Secretary of the Army replied, stating that the burial would be permitted but that the wearing of uniforms, insignia or emblems or the display of banners or flags of the American Nazi Party in the cemetery would not be permitted. The Secretary further stated that if these restrictions were observed there would be no objection to a gravesite eulogy by Mr. Koehl or to music or singing in the manner indicated in their attorney's letter.

This suit followed.

 That Congress has the power to acquire land for national cemeteries and to make all needful rules and regulations respecting the use of such property cannot be seriously questioned. See Art. IV, § 3, of the United States Constitution.

National cemeteries first came into being in 1862 when Congress granted power to the President to purchase land to be used as a national cemetery for the soldiers who died in the service of the country. 12 Stat. 596. Congress made all of the rules and regulations respecting the acquisition and maintenance of the national cemeteries and determined the classes of persons entitled to be buried therein until 1876. The maintenance of national cemeteries was then turned over to the Secretary of the Army. 19 Stat. 99. Congress still determines the classes of persons entitled to be buried in the national cemeteries.

The present statute pertaining to the national cemeteries was enacted in 1959, 73 Stat. 547, 24 U.S.C. § 281. The pertinent sections of this statute read as follows:

(a) Under such regulations as the Secretary of the Army may, with the approval of the Secretary of Defense, prescribe, the remains of the following persons may be buried in national cemeteries:

(1) Any member or former member of the Armed Forces who served on active duty * * * and whose last such service terminated honorably.

 This statute clearly commands that Mr. Rockwell's burial in a national cemetery is subject to the regulations duly prescribed by the Secretary of the Army and approved by the Secretary of Defense.

The approved rules governing the operation, maintenance and burials in national cemeteries are found in the Army Technical Manual TM 10–287 and in supplemental rules and regulations made subsequent thereto. They provide, among other things, that the flag of the United States will be displayed at all national cemetery activities every day during the hours the gates are open, and that a small Confederate flag may be placed on the graves of Confederate dead at private expense either on Memorial Day or the day when Confederate Memorial Day is observed, providing these flags are removed at private expense on the first work day following the day observed as Confederate Memorial Day— other flags will not be permitted on graves.

Patriotic organizations may with proper permission conduct services purely memorial in purpose, patriotic in nature.

Visitor rules originally issued in connection with Arlington National Cemetery and enforced in all of the national cemeteries provide that no picketing of any type will be allowed in the cemetery —no demonstrations of any type, including sit-ins, lie-ins, sing-ins, and so forth, will be allowed—no signs, placards, banners, and so forth, will be allowed to be displayed within the cemetery except as part of an authorized ceremony—no oration of any type will be allowed except as approved by competent authority—introduction of any foreign flags not in accordance with prescribed flag ceremonies is prohibited.

These regulations were adopted to prevent the occurrence of political demonstrations or other conduct not in keeping with the nature of the national cemeteries as permanent shrines to the honored dead of the armed forces of the United States.

Many groups have attempted to bring materials containing political symbols into the national cemeteries—all have been rebuffed—a request for a political-type meeting was recently denied by the Secretary of the Army. See Judge McGuire's opinion in the case of Dr. John C. Bennett, et al. v. Robert McNamara, et al., United States District Court for the District of Columbia, Civil Action No. 305–68. (The Court understands this case is now on appeal.)

■ The record here made conclusively discloses that it was the intent of the American Nazi Party to dramatize their political philosophy by wearing their Nazi-style uniforms together with combat boots, and displaying their banners and flags during the burial of their former leader. A national cemetery is a public place so clearly committed to other purposes that their use for the airing of grievances is anomalous. See Adderley v. Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966).

The Secretary of the Army was plainly right in refusing to permit the American Nazi Party to use the Culpeper National Cemetery as a base for the symbolic dissemination of their political philosophy.

■ There was no evidence in this case supporting the plaintiff's charge of discrimination. Their claim that other groups wearing uniforms with special insignia and emblems and carrying flags peculiar to their organizations are allowed to conduct burial ceremonies for their deceased members in national cemeteries, totally lacks evidentiary support. The groups referred to are the Knights of Columbus, the Masons and the American Legion. Surely no one seriously contends that these organizations are politically motivated or use national cemeteries to . espouse partisan political causes—the Knights of Columbus and Masons are both fraternal organizations —the American Legion is a patriotic organization.

Neither is the limited use of the Confederate flag on the graves of Confederate soldiers evidence of discrimination on the part of the Secretary of the Army —the use of that flag in national cemeteries cannot be equated with the intended use of the Nazi swastika banners in this case.

■ The plaintiff's contention that the Secretary's action herein stems from a dislike of the American Nazi Party's political philosophy and his desire to avoid political protestations by veterans' groups is likewise void of factual support in this record.

■ The Secretary of the Army has not required the American Nazi Party to surrender any of their alleged First Amendment rights in order to bury their former leader in a national cemetery— they have no constitutional right to bury Mr. Rockwell in the Culpeper National Cemetery with trappings and fanfare designed to espouse their political philosophy.

The plaintiffs cite the Tinker school case (Tinker v. Des Moines Independent Community School Dist., 393 U.S. ——, 89 S.Ct. 733, 21 L.Ed.2d 731), decided by the Supreme Court of the United States on February 24th of this year, to support their claim that the Government, through the Secretary of the Army, abridges their First Amendment rights in this case. The wearing of armbands (by school children) for the purpose of expressing certain views was held under the facts of the Tinker case to be the type of symbolic act that is within the free speech clause of the First Amendment. It should be noted, however, that Mr. Justice Fortas, speaking for the court in that case, pointed out that: "We properly read it [the First Amendment right of free speech] to permit reasonable regulation of speech-connected activities in carefully restricted circumstances. * * *"

See also Cox v. Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1964).

█ This Court is of the opinion that the regulations of the Secretary of the Army barring the American Nazi Party's proposed political demonstration in the Culpeper National Cemetery were both reasonable and proper and that it is not the type of symbolic act that is within the free speech clause of the First Amendment.